Mr. Justice Peat
delivered the opinion of the court.
It is not contended that this case is within the ordinary jurisdic *829 tion of a court of equity; but that jurisdiction is expressly given by the act of the legislature of 1833.
The provisions of the statute referred to are: “ That hereafter it shall be competent for any person or persons desiring him, her, or themselves, or body politic to have a just claim against the State of Mississippi, to exhibit and file a bill in equity, in the Superior Court of Chancery, against the State of Mississippi,” &c.
We do not understand this provision as enlarging the subject matter of equity j urisdiction. It only authorises the court, in cases ■within its jurisdiction, to take cognisance thereof, although the state be a party defendant, which it could not do before.
Any act which should confide to this court jurisdiction over questions purely of law, would be clearly unconstitutional, because such questions are to be determined, in the first instance, by the circuit court; and hence the construction contended for by counsel cannot be sustained.
The decree of the court below must be affirmed with costs.